284

Joseph Lanzarotta, T.D.A. (Valley Produce) and Federal Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dick Boehm, Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will & Keisling* for petitioners.

*Amid B. Coramenna*, with him *Alexander J. Pentecost*, for respondents.

OPINION BY JUDGE MENCER, April 26, 1979:

Joseph Lanzarotta, T.D.A. Valley Produce Company (Employer), appeals from a decision of the Workmen's Compensation Appeal Board (Board) dated July 27, 1977, which affirmed the referee's findings of fact and conclusions of law, as well as his award of total disability benefits for the period from May 22, 1974 to October 12, 1975 to Dick Boehm (Claimant) pursuant to Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §411(1).

Claimant had been employed as a meat cutter for over 15 years, the last one of which he was in the employ of Valley Produce. The referee found that as a result of Claimant's work activity on May 13, 1976,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

he sustained an injury to his right shoulder and neck while performing his duties, which led to hospitalization for manipulation and eventual cervical fusion. The referee also found that Claimant did have pre-existing wear-and-tear changes in the lower cervical spine but that his employment as a butcher, which necessitated the vigorous use of his upper extremities, was an aggravating factor. The referee further found Claimant totally disabled from his work-related injury and therefore awarded benefits as provided in the Act.

On appeal to this Court from the Board's order, Employer makes the following contentions: (1) that Claimant did not suffer an "injury" within the meaning of the Act, and (2) Claimant failed to give proper notice to Employer that he had sustained an injury while in the course of his employment.

In this type of case, where the Board has affirmed an award of a referee granting benefits to a claimant, our scope of review is limited to a determination of whether there is substantial competent evidence in the record to support any necessary findings of fact and whether the Board and referee have committed an error of law. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

With regard to Employer's initial contention, Section 301(c)(1) of the Act provides that for an injury to be compensable, it must (1) arise in the course of employment and (2) be related thereto.[2] In the

---

[2] The phrase "and related thereto" which follows "arising in the course of employment" in the Act was added by the 1972 amendments (Act of March 29, 1972, P.L. 159, §7, effective May 1, 1972, and Act of October 17, 1972, P.L. 930, §2). The same legislation removed the formal requirement of Section 301 that the injuries be the result of an accident. The combined effect of the two changes is to make all injuries compensable if they are work related.

instant case, Claimant's injury clearly arose in the course of his employment. The referee's finding, uncontradicted by any evidence, was that Claimant sustained an injury while in the course of his employment as a result of performing his usual work activities on May 13, 1974. In order to meet the second requirement of the Act, Claimant must show that his injury was "related" to his employment or, in other words, that there was a causal connection between his work and his injury. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

Claimant's testimony in this case was that he injured his shoulder and arm while performing his routine job assignment. He also introduced the testimony of Dr. Nettrour, his treating orthopedic surgeon, who testified by deposition that Claimant had a preexisting cervical spondylolysis (wear-and-tear changes) involving the lower cervical spine of which his employment as a butcher through vigorous use of his upper extremeties was an aggravating condition. A claimant with a preexisting physical condition is entitled to compensation when an injury suffered in the course of his employment, and related thereto, aggravates his preexisting condition. *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.,* 479 Pa. 286, 388 A.2d 659 (1978).

Upon a careful review of the record, we are convinced that the connection between Claimant's work and his resulting disability was adequately proved by the testimony of Claimant and his medical witness. That testimony in its totality constitutes sufficient competent evidence to support the referee's finding as to causation

While we hold that Claimant has successfully proved that he suffered a work-related injury within the meaning of the Act, there can be no recovery of

compensation benefits unless notice of such injury is given to his employer within 120 days after the occurrence of the injury.[3] Claimant's position before this Court is that within 120 days of his May 13, 1974 injury, Employer had knowledge of the occurrence sufficient to satisfy the Act. In particular, Claimant asserts that Employer obtained knowledge in either one of two ways. First, Claimant testified that he told Employer on May 15, 1974 that his shoulder and arm were hurting him so badly that he was going to leave work a little earlier than usual to go to a hospital for x-rays. Second, Claimant contends that if the aforementioned notice was insufficient to meet the requirements of the Act, then his filing of a claim petition in Harrisburg on September 9, 1974[4] and Employer's subsequent answer on September 16, 1974 were sufficient.

With regard to the first contention, it appears that Employer knew Claimant was experiencing severe pains in his shoulder and arm, but the record is unclear as to whether Employer knew whether they arose from activities performed in the course of employment and, with any certainty, when the injury occurred. Unless Employer had actual knowledge of these elements, the notice requirements of the law have not been satisfied.[5] Regarding Claimant's contention that the filing of a claim petition suffices as

---

[3] The purpose of the notice requirement in Section 311 of the Act, 77 P.S. §631, is to protect the employer against stale claims of which he has no knowledge and which are made after the opportunity for a thorough investigation has passed. *Workmen's Compensation Appeal Board v. Evening Bulletin*, 30 Pa. Commonwealth Ct. 27, 372 A.2d 1262 (1977).

[4] Actually, the record reveals the claim petition for compensation was received by the workmen's compensation authorities on August 29, 1974. September 9, 1974, was the date the workmen's compensation referee received the petition in Pittsburgh.

[5] *See* Section 311 of the Act.

notice under the Act, it must be noted that Section 312 of the Act, 77 P.S. §632, requires that the notice "inform the *employer*." (Emphasis added.) Whether or not Employer received actual notice that Claimant suffered a work-related injury either from the claim petition or from Claimant directly within 120 days from May 13 is left unanswered in the record.[6]

Because the referee and Board failed to make a finding on whether the Act's notice requirement had been satisfied by Claimant, we remand for an appropriate finding and determination of that issue. *See Zacek v. Republic Steel Corp.*, 25 Pa. Commonwealth Ct. 199, 359 A.2d 842 (1976).

Accordingly, we

ORDER

AND Now, this 26th day of April, 1979, the order of the Workmen's Compensation Appeal Board, dated July 27, 1977, dismissing Joseph Lanzarotta's appeal, is set aside, and it is hereby ordered that the record be remanded to the Workmen's Compensation Appeal Board to direct a determination, under Section 311 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §631, of whether Claimant gave proper notice to Employer that he had sustained an injury in the course of employment.

———

DISSENTING OPINION BY JUDGE DiSALLE:

I respectfully dissent.

I am in complete agreement with Employer's contention, and the majority's conclusion, that the issue of notice was never resolved by the referee or the Board. The reason, however, is obvious: the issue

———

[6] Claimant incorrectly asserts that the date Employer filed an answer to the claim petition, September 19, 1974, was within the 120-day period from the date of injury. The 120-day period expired September 10, 1974.

290

was never *raised* before these administrative authorities. The record reveals that the sole issue properly preserved from below relates to whether Claimant suffered. a compensable injury. As such, I feel we are precluded from addressing the notice issue, in accordance with the well-established rule that a party may not raise upon appeal any question (other than one relating to the validity of a particular statute) not raised before the agency save upon due cause shown. *See* 2 Pa. C.S. §703(a); *see also* Pa. R.A.P. 1551(a). There being nothing whatsoever to suggest that Employer was unable to raise the notice issue before the Board, I would affirm the Board's order.