The D. L. Clark Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Elizabeth Legan, Widow of Michael Legan, Respondents.

Argued December 5, 1979, before Judges CRUM-
LISH, JR., ROGERS and MACPHAIL, sitting as a panel of
three.

*Paul K. Geea,* with him *Robert C. Jones, Jones,
Gregg, Creehan and Gerace,* for petitioner.

*Paul J. Leventon,* of *Leventon & Leventon,* P.C.,
for respondents.

OPINION BY JUDGE CRUMLISH, JR., February 6, 1980:
The D. L. Clark Company (Employer) appeals an
order of the Workmen's Compensation Appeal Board
affirming a referee's award of benefits to the widow
of Michael Legan based on a conclusion that Legan's
death was due to unusual strain and overexertion in
the course of his employment. We affirm.

Employer raises two issues which we will address
seriatim:

1. Whether the referee erred in accepting a death
certificate as proof of cause of death in the absence of
other competent evidence.

2. Whether the referee erred in finding that claimant had established a causal connection between death and work by unequivocal medical evidence.

An examination of the second issue will dispose of employer's first contention. It is well settled that causality must be established by unequivocal medical testimony where it is not obvious. *Hudack v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977). In this case, the referee found the decedent was in the course of his employment when he died as a result of the unusual strain resulting from his efforts to repair a boiler. Claimant's physician provided adequate support for this finding by testifying as follows:

Q Doctor, do you have a medical opinion as to the assumed statements of facts which I have given to you as to the certainty of what caused this man's death?

A I would have to strongly support that he died of a heart attack.

Q Now, with your opinion then, would you say that the unusual strain brought about by his repairing of these boilers alone without any assistance from anybody, although requested, would be the cause of this man's death?

A My answer to that would have to be yes.

This testimony was competent evidence as to the cause of death and the referee did not err by admitting the death certificate.

Accordingly, we

## ORDER

AND Now, this 6th day of February, 1980, the order of the Workmen's Compensation Appeal Board dated March 29, 1979, is affirmed. The D. L. Clark Company, self-insured employer, shall pay to Elizabeth Legan, widow of Michael Legan, compensation at the

rate of $95.68 per week for the period beginning October 11, 1973 and continuing thereafter in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.

An interest of ten (10%) percent per annum is assessed on all deferred payments.

The said defendant is further directed to pay the claimant-widow the sum of $750.00 for burial expenses incurred and paid by her.

Judge DiSalle did not participate in the decision in this case.