Stone Container Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ramon Rodil, Respondents.

Argued March 10, 1980,

*Ronald F. Bove,* of *Swartz, Campbell & Detweiler,* for petitioner.

*V. Pinnock Bailey, II,* for respondent, Ramon Rodil.

OPINION BY JUDGE ROGERS, April 9, 1980:

Stone Container Corporation (Stone) has appealed from an order of the Workmen's Compensation Appeal Board affirming a referee's award of benefits and attorney's fees to one of its former employees, Ramon Rodil.

Mr. Rodil was employed by Stone as a machine operator. On April 16, 1974, while feeding thirty-five pound packages of cardboard sheets into a machine, he bent to catch some falling sheets and felt a sharp, snapping pain in his back. He reported the incident to his supervisor and worked in pain for a week before consulting his physician, Dr. Anthony W. Salem. Mr. Rodil continued to work in pain, receiving medication

and exercise therapy from Dr. Salem, until August 25, 1975, when he was admitted to the hospital and was diagnosed as having a herniated lumbar disc. Mr. Rodil underwent surgery for a laminectomy and disc excision and was unable to return to work until April 25, 1976.

Mr. Rodil filed a claim petition for workmen's compensation benefits for the period he was unable to work and a referee conducted hearings on the claim. Mr. Rodil testified and adduced the testimony of Dr. Salem and of Dr. Felipe Alperovich, his surgeon. Stone adduced as its only evidence a recording of a telephone conversation between Mr. Rodil and an insurance claims representative in which Mr. Rodil said that he had injured his back at work in October or November of 1973. The referee found that "[t]he incident of April 16, 1974 either caused the disc herniation and subsequent disability or it aggravated a pre-existing but asymptomatic back condition that claimant was suffering on April 16, 1974" and he awarded compensation. He further found that Stone's introduction of the telephone conversation did not establish a reasonable contest of Mr. Rodil's right to compensation and he awarded an additional twenty percent of the compensation as attorney's fees in accordance with Section 440 of The Pennsylvania Workmen's Compensation Act[1] (the Act), 77 P.S. §996. Stone appealed the referee's decision and the Appeal Board affirmed, remanding the record to the referee for the sole purpose of clarifying whether Mr. Rodil's injury was an aggravation of a preexisting condition or was a new injury. This appeal followed.

Stone first says that there was insufficient competent evidence to support the referee's finding that Mr.

---

[1] Act of June 2, 1915, P.L. 736, as amended, added by Section 3 of the Act of February 2, 1972, P.L. 25.

Rodil's injury of April 16, 1974 caused the disc herniation diagnosed and treated in August 1975. We disagree. Where there is no obvious causal relationship between an injury and a disability, a workmen's compensation claimant must establish the causal connection with unequivocal medical testimony in order to recover. *Montgomery Mills Co. v. Workmen's Compensation Appeal Board,* 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976). However, the absence of explicit testimony linking the injury to the disability will not preclude recovery where a referee who personally heard the medical evidence has determined that the requisite causation was present and the record as a whole supports the determination. *Owens v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979). Here, the medical testimony and the record support the referee's finding. The record contains Mr. Rodil's uncontradicted testimony that he injured his back at work and reported the injury to his supervisor. Dr. Salem testified that he suspected the presence of a herniated disc when he examined Mr. Rodil on April 24, 1974, one week after the injury. Dr. Salem testified further that he thought Mr. Rodil had at that time attributed the pain to straining his back at work the previous week. Dr. Salem's office records show that he treated Mr. Rodil's back three times in 1974 and once in 1975 before hospitalization and surgery in August 1975. Both Dr. Salem and Dr. Alperovich testified unequivocally that Mr. Rodil had a herniated disc at the time of the operation. Dr. Salem testified that the condition of the disc showed that the herniation had been present for some time and had not occurred in the months immediately preceding the operation. Although no single piece of evidence unequivocally links the injury and the herniated disc, the evidence of injury and subsequent medical treatment culminating in surgery

points inexorably to the conclusion that the injury of April 16, 1974 caused Mr. Rodil's herniated disc and the referee did not err in so finding. That Mr. Rodil told an insurance representative about an earlier work-related back injury is of no import, since the Act permits recovery regardless of previous physical condition. *See* Section 301(c) of the Act, 77 P.S. §411(1).

Furthermore, we believe that the Board erred in remanding the record to the referee for clarification of whether the incident of April 16, 1974 caused a new injury or the aggravation of a preexisting one. As the Board properly noted, Mr. Rodil was entitled to recover in either event. The Board simply believed that it would be better to have a finding of fact on the issue of new injury or aggravation. It seems to us that the parties should not suffer the inconvenience of further delay for this purpose and we will set aside this part of the Board's order.

Stone next says that the referee and the Board erred in awarding attorney's fees. We agree. Section 440 of the Act, 77 P.S. §996 provides that a successful claimant in a contested case shall be awarded reasonable attorney's fees unless the employer establishes a reasonable basis for contesting the claim. The question of whether a contest was reasonable is one of law. *Ratchko v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977). The referee's conclusion (called a finding) that Stone did not meet its burden of making a reasonable contest is subject to our review. Mr. Rodil's telephone conversation with the insurance representative, while not sufficient in all of the circumstances to defeat the claim, seems to us to have constituted a reasonable basis for Stone's contest. Inconsistencies between the recorded conversation and Mr. Rodil's testimony were clearly relevant to the subject of Mr. Rodil's credibility.

### ORDER

AND NOW, this 9th day of April, 1980, the order of the Workmen's Compensation Appeal Board insofar as it remands the record to the referee is set aside. The Board's award of attorney's fees is reversed. The Board's order is otherwise affirmed. Judgment is entered in favor of Ramon Rodil and against Stone Container Corporation. Stone Container Corporation is directed to pay Mr. Rodil compensation at the rate of $106.00 per week from August 25, 1975 up to and including April 25, 1976, with interest at the rate of ten percent per annum and costs of $500.00. Stone Container Corporation is further directed to pay $170.00 to Dr. Anthony W. Salem for medical services rendered.