David W. Breen, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Commission, Respondent.

42

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*David W. Breen*, petitioner, for himself.

*Martin W. Bashoff*, Special Assistant Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 5, 1980:

The petitioner, an employee of the Department of Justice, Pennsylvania Crime Commission, appeals from a reversal by the Workmen's Compensation Appeal Board (Board) of a referee's award of workmen's compensation benefits to him.

Petitioner began his employment with the Crime Commission at an annual salary of $32,333.00 on July 2, 1973. He was immediately detailed to supervise a special project involving the investigation of corruption in the Philadelphia Police Department.

He continued in this capacity until April of 1974, when, at his request, he was reassigned to the posi-

tion of Director of Field Operations at a reduced salary of approximately $24,626.00. His last full day of work was June 30, 1976.

This case arises from the alleged extensive duty hours and accompanying stress and strain attributed to petitioner's duties while on the special project assignment.

On September 17, 1976, petitioner filed a claim petition under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. He alleged that the combination of prolonged periods of stress from extensive duty hours plus irregular meals and lack of regular rest during the period of the special investigation, resulted in the severe aggravation of a pre-existing condition of colitis, causing permanent damage to his colon. He further alleged that the chronic and spastic colitis condition which forced him at first to assume a lesser position at a reduced salary, was now preventing him from holding any full-time gainful position.

After several hearings before a referee, petitioner was awarded partial disability benefits in the amount of $95.17 per week, beginning with the week of April 4, 1974, and continuing into the future, subject to the provisions of the Act. The referee ruled that petitioner had sustained an accidental injury by severe and prolonged exertion in the course of and arising from the nature and requirements of his employment.

The Pennsylvania Crime Commission appealed this decision to the Workmen's Compensation Appeal Board alleging that the referee's findings of causal relationship were not supported by sufficient evidence.

On appeal, the Board reversed the referee on the grounds that petitioner had not established a causal connection between his injury and his work by unequivocal medical testimony. In arriving at that determination, the Board focused on one of the responses

of claimant's physician, Dr. William Galligan, on direct examination. The physician responded with "probably not, no, probably not" to the question of whether or not petitioner's colon condition would have occurred had he not been under the stress and tension and working the excessive hours that he was while on the special assignment. The Board reasoned that "probably" was equivocal, and reversed the referee on that basis alone.

It is well settled that causality must be established by unequivocal medical testimony where it is not obvious. *E.g., D. L. Clark Co. v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 237, 410 A.2d 966 (1980). However, in reversing the referee in this case the Board ignored other unequivocal statements by Dr. Galligan. Expert testimony should be reviewed in its entirety to determine if it expresses the reasonable medical certainty required to establish causation. *Martinique v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 67, 404 A.2d 778 (1979).

A review of the record reveals that in other parts of his testimony, claimant's physician positively affirmed that working overtime would bring about an aggravation of petitioner's pre-existing condition. He also indicated that work-related stress was the primary cause of petitioner's present condition.

Medical testimony is not rendered equivocal simply because a physician cannot positively assert whether or not a claimant would be in the same condition were it not for a work-related injury. *Workmen's Compensation Appeal Board v. Universal Cyclops,* 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975).

The referee's unique fact-finding function commits to him alone questions of credibility and choice between conflicting medical testimony, including a wit-

ness's inconsistent testimony. He may exercise his discretion to accept or reject the testimony in whole or in part. *Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979); *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Here, the referee had before him unequivocal medical testimony that the demands of petitioner's position and its resulting stress aggravated petitioner's pre-existing colon condition. The referee could properly exercise his discretion to accept that testimony, disregard the "probably not" statement, and to discount testimony by defendant's medical expert. We hold that the referee's finding of causation was supported by sufficient, competent evidence. We, therefore, reverse the decision of the Board denying workmen's compensation benefits to petitioner, and direct that the referee's award be reinstated.

ORDER

AND Now, the 5th day of June, 1980, the order of the Workmen's Compensation Appeal Board reversing the referee's award of benefits in the above matter is reversed and the award reinstated. Judgment is entered in favor of David W. Breen and against the Pennsylvania Crime Commission. It is ordered that the Pennsylvania Crime Commission pay to claimant compensation for partial disability at the rate of $98.50 per week beginning April 4, 1974 to continue thereafter into the future subject to the provisions of the Act.

It is also ordered that the Pennsylvania Crime Commission pay all reasonable medical or hospital expenses incurred by the claimant in the treatment of the subject injury, as and when bills for the said expenses are presented.

It is further ordered that an attorney's fee be allowed to claimant's counsel in an amount equivalent to twenty percent (20%) of the gross recovery to claimant to date in the specific amount of $3500.00. The said fee shall be paid out of the foregoing award directly to W. David Breen, Esq., with the balance of the award to be paid to claimant personally.