Cooper-Jarrett, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Darrel D. Miller, Respondents.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Samuel H. Elkin, Reed, Smith, Shaw & McClay,* for petitioner.

*W. Thomas Malcolm,* for respondent, Darrell D. Miller.

OPINION BY JUDGE CRAIG, December 9, 1980:

In this workmen's compensation appeal, the employer[1] questions an award of compensation by the board,[2] affirming a referee's decision awarding compensation to claimant,[3] a truck driver.

While driving a truck for the employer on August 10, 1977, from Sharon, Pa. to Napoleon, Ohio, claimant passed over a rough area in the pavement, which caused the truck to bounce. Although the truck seat was equipped with an automatic air-inflated suspension device intended to cushion against bumps, the testimony was that the seat failed to provide protection and claimant was jolted as the seat dropped and hit a post connected to the floor, as the truck simultaneously bounced up.

Claimant continued driving for two hours; when he alighted from the truck and tried to walk, he noticed

---

[1] Cooper-Jarrett, Inc.

[2] Workmen's Compensation Appeal Board.

[3] Darrel D. Miller.

a pain in his hip. However, he completed the trip to Napoleon and prepared for the return to Sharon with another load. Because the pain continued to increase, claimant was unable to complete the return trip.

Claimant alleged that, as a result of the jolt, he injured his neck, back and hip, and was totally disabled for over eight months.

The referee found that claimant had suffered a compensable injury while in the course of his employment, that claimant's injury was an aggravation of an existing condition, and that claimant was totally disabled from August 11, 1977 up to April 2, 1978.

Employer essentially argues on this appeal that the record does not contain substantial evidence to support the referee's conclusion that claimant was partially or totally disabled as a result of an injury sustained in the course of employment.

The referee's conclusion that claimant was disabled is supported by clear evidence in the record. Dr. Barclay, claimant's treating physician, testified unequivocally that claimant was disabled.[4] Despite contrary testimony by employer's medical witness, who had examined claimant three months after the incident, the referee chose to accept the testimony of claimant and his treating physician. Questions of credibility are solely within the province of the referee, and his decision to accept the testimony of one competent medical witness over another will not be disturbed on ap-

---

[4] On questioning by employer's attorney, Dr. Barclay testified that claimant could drive a truck two to three hours a day, and that he could return to work in 6 to 12 weeks from January 9, 1978, his last visit to the doctor. Despite this evidence, the employer has not pursued the issue of partial disability; both the referee and the board pointed out in their opinions that employer introduced no evidence of job availability, nor did it file a modification petition for reconsideration of claimant's condition. Therefore, we are restricted to a review of the referee's determination of total disability.

peal. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Employer contends that claimant's pre-existing condition of osteoarthritis, for which he had consulted a chiropractor before the accident, precludes a finding of work-related disability. Claimant, his chiropractor and Dr. Barclay all testified that claimant had been in excellent condition—"pain free"—before the seat-collapse incident; claimant stated that his previous condition had "cleared up and I haven't been bothered with it since."

A claimant with a pre-existing physical condition is entitled to compensation if he shows (1) that he suffered a disabling injury in the course of his employment, and (2) that such injury was "related" to his employment,[5] even if the injury is an aggravation of that pre-existing condition. *Lanzarotta v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 284, 400 A.2d 697 (1979).

With respect to the first element, the referee's finding, uncontradicted by any evidence, was that claimant suffered an injury while in the course of his employment when the seat collapsed as the truck hit a bump; claimant clearly was engaged in performing his job when the jolt occurred.

In order to meet the second requirement, claimant must show that a causal connection existed between his work and the disabling injury. *Lanzarotta, supra.*

_____

[5] Section 301(c)(1) of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1) states:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . .

Dr. Barclay testified that claimant "had a sprain which aggravated his injury." However, the employer argues that Dr. Barclay's testimony as to causation is legally insufficient because not unequivocal.[6]

The general rule is that where no obvious causal relationship exists between a work incident and a disabling injury, a workmen's compensation claimant must establish causation with unequivocal medical testimony in order to recover. *Kosobucki v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 327, 410 A.2d 1315 (1980). However, as Judge ROGERS stated in *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980):

> [T]he absence of explicit testimony linking the injury to the disability will not preclude recovery where a referee who personally heard the medical evidence has determined that the requisite causation was present and the record as a whole supports the determination.

*Id.* at 387, 413 A.2d at 19.

Here, the medical testimony and record support the referee's finding that the incident aggravated the disabling condition. Claimant testified that he suffered pain after the incident occurred. Immediately thereafter, he sought treatment from Dr. Barclay, who tes-

---

[6] The employer points to several statements Dr. Barclay made; among them was his remark that claimant's condition "could be compatible" with the described injury, and the following exchange:

Q. And, would you say that this [disability] would be caused by the accident he had?

A. I would say it is compatible with the accident that he had. I mean for me to say that the accident caused it, I'd had to been there and so on, but from his history I would assume this is what happened.

Q. Well, if you assume an accident as he described happened then this could have resulted from it?

A. That is correct.

tified that claimant's history connected his pain to the jolt he received when the truck hit the bump. Coupled with the testimony that claimant's previous physical problems had cleared up, the evidence of injury and subsequent medical treatment indicates that the August 10, 1977 injury caused the disabling aggravation of claimant's pre-existing condition. The referee did not err in so finding.

Accordingly, we affirm.

### ORDER

AND Now, this 9th day of December, 1980, the order of the Workmen's Compensation Appeal Board, dated October 1, 1979, No. A-75476, is affirmed, and it is ordered that judgment be entered in favor of claimant, Darrel D. Miller, and against Cooper-Jarrett, Inc., self-insured, in accordance with said Board order, including provisions for payment of counsel fees.