J. I. Hass Company, Inc. and Twin City Fire Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John James Mulvihill, Respondents.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Joseph Grochmal,* with him *Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for petitioners.

*C. William Berger, Berger, Kapetan, Malakoff & Meyers, P.C.,* for respondent, John James Mulvihill.

OPINION BY JUDGE PALLADINO, December 7, 1981:

J. I. Hass Company, Inc. (Hass) and its insurer, the Twin City Fire Insurance Company, appeal here from an opinion and order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of total disability benefits to John J. Mulvihill (Claimant). We affirm.

On November 2, 1973, while working as an assistant painter for Hass, Claimant was accidently overcome by fumes from an epoxy sealer, and was temporarily rendered unconscious. Following this accident, Claimant, who had previously been healthy, began to have difficulty deciphering written words, and increasingly suffered from severe headaches, periods of depression, and personality changes characterized by "violent emotional reactions." These conditions eventually prevented Claimant from working after August 1, 1974, and on November 13, 1975, Claimant filed a claim petition for total disability benefits with the workmen's compensation authorities.

At a referee's hearing on Claimant's claim petition, conducted on May 3, 1976, the only expert medical evidence submitted was a deposition of Claimant's physician, Dr. Gerald M. Lisowitz, who testified that

Claimant was totally disabled by an organic brain syndrome (brain damage) caused by his November 2, 1973, accident at Hass. Based on this evidence, the referee subsequently awarded benefits. On appeal, the Board concluded that the referee had prematurely terminated the proceedings below, and remanded the case to afford the petitioners an opportunity to adduce additional medical evidence. When the petitioners subsequently failed to present any medical evidence, however, the referee reissued his original opinion which was sustained on further appeal to the Board. The present appeal followed.

Before this Court, the petitioners allege that there is not substantial evidence in the record to support the Board's determination that Claimant's disability was causally related to his accident at Hass. Specifically, the petitioners allege (1) that Dr. Lisowitz's testimony was equivocal on the issue of causation since he conceded on cross-examination that he could not be "100 percent" sure that the compounds Claimant inhaled during his accident at Hass could cause brain damage, and (2) that Dr. Lisowitz's testimony should have been disregarded since he was not an expert toxicologist. We disagree.

It is well established that "where no obvious causal relationship exists between a work incident and a disabling injury, a workmen's compensation claimant must establish causation with unequivocal medical testimony in order to recover [benefits]." *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 204, 208, 423 A.2d 52, 55 (1980).

Where, as here, the party with the burden of proving causation has prevailed below, our scope of review is limited to determining whether "an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence, leaving questions of

evidentiary weight and credibility to the referee.'' *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 594, 377 A.2d 1007, 1009 (1977).

In their brief to this Court the petitioners concede that Dr. Lisowitz unequivocally testified during direct examination that Claimant's disability was caused by his November 2, 1973, accident at Hass, but assert that Dr. Lisowitz's subsequent testimony during cross-examination that he could not be ''100 percent'' sure that the chemicals Claimant inhaled could cause brain damage, made his entire testimony equivocal. We have held, however, that mere conflicts in testimony as to causation do not make such testimony equivocal. *Breen v. Pennsylvania Crime Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980); *see also American Refrigerator Equipment Co.* Furthermore, we have recognized that the ''referee's unique fact-finding function commits to him alone questions of credibility and choice between conflicting medical testimony, including a witness's inconsistent testimony.'' *Breen,* 52 Pa. Commonwealth Ct. at 44-45, 415 A.2d at 150; *Sears Roebuck & Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979).

In the present case the referee, in the exercise of his fact-finding function, chose to accept as credible that portion of Dr. Lisowitz's testimony in which the doctor stated unequivocally that Claimant's disability was caused by his November 2, 1973, accident at Hass. Since that portion of Dr. Lisowitz's testimony constituted, in our view, sufficient competent evidence to support the Board's finding of causation, we believe the Board's finding on this issue must be affirmed.

Finally, we note that we also find no merit in the petitioners' allegation that the Board should have disregarded Dr. Lisowitz's testimony since he was not

an expert toxicologist. The record shows that Dr. Lisowitz was well qualified to testify as to the causes of organic brain syndromes, and we have held that the fact that an expert medical witness is not a specialist "in no way affects his competency but only goes to the weight to be given his testimony." *Workmen's Compensation Appeal Board v. Branch Motor Express*, 18 Pa. Commonwealth Ct. 262, 264, 334 A.2d 847, 848 (1975).

Accordingly we enter the following

ORDER

AND NOW, December 7, 1981, the Opinion and Order of the Workmen's Compensation Appeal Board, dated June 12, 1980, Docket No. A-78290, is affirmed.

---

CONCURRING OPINION BY JUDGE BLATT, December 7, 1981:

Although I concur with the result reached in this case, I must disagree with the majority's statement that the unequivocal nature of medical testimony is an issue involving the referee's discretion as a factfinder in choosing between conflicting testimony by the medical witness. I believe that the determination as to whether or not medical testimony is unequivocal is a question of the competency, not the credibility, of the evidence and is to be decided by this Court based upon our review of the entirety of the physician's testimony. *See, e.g., Wilkes-Barre, City v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980); *Roeberg Enterprises, Inc. v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 308, 400 A.2d 911 (1979). My review of the record here leads me to conclude that the testimony of Dr. Lisowitz was unequivocal when considered in its entirety, and so I would also affirm the Board's order as does the majority, but I cannot join in the rationale of the opinion.