Tastykake, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Michael K. Fornwalt), Respondents.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Charles E. Wasilefski, Foulkrod, Peters & Wasilefski,* for petitioner.

*Thomas S. Long, Siegrist, Koller, Brightbill & Long,* for respondent.

OPINION BY JUDGE ROGERS, April 6, 1983:

Tastykake, Inc. (employer) has filed this appeal from the decision by the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting benefits to Michael K. Fornwalt (claimant) pursuant to the The Pennsylvania Workmen's Compensation Act[1] for injury "arising in the course of his employment and related thereto." Section 301(c) of the Act, 77 P.S. §411. We affirm.

Claimant worked for the employer, as a deliveryman, for over ten years. The claimant's responsibilities throughout his employment required him to step in and out of his truck approximately 150 times a day in order to make deliveries to at least 40 stores each day. The process of getting in and out of his truck required the claimant to place his weight on his left leg and turn the leg to sit in the driver's seat. The first step in the truck is twenty and one-quarter inches high and the second step is approximately the same height. Six to eight weeks before August 20, 1978, the claimant experienced a cracking and small amount of pain in his left knee when he got in and out of his truck. The cracking and pain eventually came to occur nine of ten times the claimant got into and out of his truck.

Before August 20, 1978, the claimant told his supervisor, while the supervisor was riding in his truck, that he was experiencing pain and cracking in his knee. On August 20, 1978, while walking normally in his swimming pool at home, the claimant's knee locked and became immovable. The claimant told his employer the next day of the condition of his knee and that he could not work.

The claimant visited a doctor who diagnosed his problem as a sprained knee. Three weeks later, after

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1603.

failing to regain mobility, the claimant visited an orthopedic surgeon who ordered testing and eventual surgery to repair a tear of the medial meniscus of the left knee. It was the opinion of the surgeon that the torn meniscus was due to trauma.

The employer states two questions: 1) whether there is substantial evidence in the record to support the referee's and the Board's conclusions that the claimant suffered a work-related injury; and 2) whether the claimant gave timely notice of his injury to his employer.

Where no obvious causal relationship exists between a work incident and a disabling injury, a workmen's compensation claimant has the burden of proving causation by unequivocal medical evidence. *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 204, 208, 423 A.2d 52, 55 (1980).

The orthopedic surgeon testified on direct examination that a tear of the medial meniscus is most often caused "by some sort of flection/rotation type of injury. What that means is that the knee is usually bending and rotating. Thus, pinching the cartilage and tearing it" and that the stepping, flexing and rotating of the knee for period of years described by the claimant would in his opinion cause that kind of injury.

The employer contends that the surgeon's testimony was insufficient because he testified on cross-examination that had there been a traumatic event when the claimant was in his swimming pool, he, the surgeon, might say this was the cause because such an injury could be sustained in a swimming pool. The flaw, of course, in this thesis is that there is no such evidence. The claimant testified that he was merely walking in pool water when his leg locked.

[M]ere conflicts in testimony as to causation do not make such testimony equivocal. Breen v. Pennsylvania Crime Commission, 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980); see also American Refrigerator Equipment Co. Furthermore, we have recognized that the "referee's unique factfinding function commits to him alone questions of credibility and choice between conflicting medical testimony, including a witness's inconsistent testimony." Breen, 52 Pa. Commonwealth Ct. at 44-45, 415 A.2d at 150; Sears Roebuck & Co. v. Workmen's Compensation Appeal Board, 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979).

*J. I. Hass v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 82, 85, 437 A.2d 786, 788 (1981).

Nor is there merit in the employer's contention that the claimant did not give timely notice of his injury to his employer. "[U]nless the employer, or an agent of the employer regularly employed at the place of employment of the injured employee, receives notice or has knowledge that a certain employee was injured on or about a specified time, at or near a place specified within 120 days after the occurrence, no compensation shall be allowed." *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 456, 423 A.2d 784, 788 (1980).

The referee found that the claimant told his supervisor that he was experiencing cracking and pain in his knee before the pool incident on August 20, 1978 and that on the next day the claimant told his employer that his knee had locked and that he was unable to work. The supervisor confirmed that the claimant had told him about his knee troubles before August 20, 1978. "Whether notice has been given is a question of fact for the referee and a finding of proper notice

278

will be upheld if based on substantial evidence.'' *Beaver Supermarket v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 505, 510, 424 A.2d 1023, 1025 (1981). The referee's finding that timely notice was given is in our judgment supported by substantial evidence.

Order affirmed.

### ORDER

AND Now, this 6th day of April, 1983, the order of the Workmen's Compensation Appeal Board at Docket No. A-80738, dated December 3, 1981, is affirmed.