Campbell Company, Petitioner *v.* Workmen's Compensation Appeal Board (Robert I. Kerr), Respondents.

306

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Richard E. Flannery, Mansell, McKee, Mitsos & Flannery,* for petitioner.

*John R. Seltzer, Jamison, Seltzer & Harper,* for respondent, Robert I. Kerr.

OPINION BY JUDGE DOYLE, May 13, 1983:

This is an appeal by Campbell Company from a decision and order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee granting workmen's compensation benefits to Robert I. Kerr (Claimant). For the reasons which follow, we affirm the order of the Board.

Claimant was employed by Campbell Company (Employer) as a diesel mechanic when, on April 15, 1977, he fell from a ladder injuring the right side of his chest, groin and lower abdomen. Claimant, who was unconscious after the accident, was treated and released from a hospital later that day. The following day, Claimant returned to work. For six weeks following the accident, Claimant's duties were restricted to the instruction of other employees. After June of 1977, Claimant resumed his regular employment, accomplishing his normal duties with frequent discomfort

and pain. Two years later, in April of 1979, Claimant's pain became more severe. In an effort to relieve the pain, Claimant sought medical treatment, and was advised to terminate his employment. On May 31, 1979, Claimant ceased working, and soon thereafter, on July 23, 1979, this claim petition was filed. Following a hearing, the referee concluded that Claimant was totally disabled as a result of the April, 1977 accident. After the Board affirmed the referee's decision, the Employer appealed to this Court.

In a workmen's compensation case where the party with the burden of proof prevailed below, this Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are unsupported by substantial evidence. *Colt Industries v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 354, 414 A.2d 439 (1980).

In the case at bar, the Employer argues that the findings of fact are unsupported by substantial evidence. Specifically, the Employer asserts that there is not substantial evidence to support the finding that Claimant is totally disabled as a result of the April 15, 1977 injury. The Employer's argument is based upon the testimony concerning a prior industrial accident (occurring in August, 1976) in which Claimant suffered injury to his chest. As a result of the prior similar injury, the Employer suggests that there is not sufficient competent medical evidence to causally connect Claimant's disability with the April, 1977 accident. We disagree. All injury need not have originated from the April, 1977 accident. The aggravation of a preexisting condition is a compensable injury under the Pennsylvania Workmen's Compensation Act. *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 204, 423 A.2d 52 (1980); *Penn Cambria School District v. Workmen's*

*Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 244, 415 A.2d 943 (1980). In addition, "the general rule is that where no obvious causal relationship exists between a work incident and a disabling injury, a workmen's compensation claimant must establish causation with unequivocal medical testimony in order to recover." *Cooper-Jarrett, Inc.,* 55 Pa. Commonwealth Ct. at 208, 423 A.2d at 55. Our review of the record reveals that the testimony of John Kalfas, M.D.[1] satisfies this requirement. Claimant's disability was medically described as intercostal neuralgia.[2] When Dr. Kalfas was asked if he had an opinion concerning the cause of this condition, he responded:

> I do . . . I feel that there is direct relation between the injuries of 1976 . . . I feel that the injury of 1977 aggravated already preexisting inflamation of those nerves. So, both, I believe are responsible for his pain.

When asked if he had an opinion as to whether the April, 1977 injury aggravated Claimant's condition, Dr. Kalfas responded:

> Yes. . . . Because he had minor pain before, and after the second injury [April, 1977] the pain started being more severe. I feel that this is sufficient reason to claim that the second injury aggravated it because for [sic] the symptoms of the first injury [August, 1976].

Clearly, Dr. Kalfas' testimony unequivocally relates Claimant's disability to the April, 1977 accident which aggravated his preexisting condition.

The Employer also argues that Claimant is not totally disabled. To support this argument, the Em-

---

[1] Dr. Kalfas is a board certified neurologist.

[2] Intercostal neuralgia is the inflamation of those nerves which originate at the spine and travel between the ribs. Claimant's damage included the eighth, ninth, tenth and eleventh intercostal nerves.

ployer relies on the testimony of Claimant's treating physician, George Moore, M.D., a board certified urologist. The testimony of Dr. Kalfas, however, is unequivocal in its conclusion that Claimant is disabled. Questions of credibility are for the factfinder, and not subject to review by this Court. *Deremer v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 415, 433 A.2d 926 (1981). With regard to the testimony of medical experts, the relative weight of each is exclusively for the referee to determine, and a reason for accepting one medical opinion over another is not necessary. *Blackshear v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 529, 432 A.2d 273 (1981). Unequivocal medical evidence will not be disturbed on appeal even though competent medical evidence to the contrary was also received which could properly support a different result. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981). Thus, Dr. Kalfas' testimony constitutes substantial evidence supporting the finding that Claimant is disabled.

Finally, in the alternative, the Employer argues that it should not be required to pay certain medical expenses because there is no evidence relating the expenses to Claimant's disability. Our review of the record reveals that the Employer objected to only one medical bill when they were introduced as evidence. This bill, in the amount of $860.00, is not included in the award. Objections regarding Claimant's medical expenses should have been raised before the referee and they were not.

### Order

Now, May 13, 1983, the order of the Workmen's Compensation Appeal Board, at number A-80071, dated June 30, 1981, is affirmed.

Judge Rogers concurs in the result only.