**Cheryl MANNERS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (McDONALD'S RESTAURANT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 8, 1996.
Decided Feb. 4, 1997.

---

John W. Gibson, Pittsburgh, for petitioner.

Lisa M. Montarti, Pittsburgh, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Cheryl Manners (Claimant) petitions for review from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a Worker's Compensation Judge (WCJ) dismissing Claimant's petition.

Claimant worked for McDonald's Restaurant (Employer) as a cashier, and also worked for a supermarket at the deli counter. While working at Employer's on July 30, 1993, Claimant tripped over another employee's foot and fell on both knees. She immediately went to an emergency room for treatment and X-rays. Claimant returned to work two days after her injury.

In November 1993, Claimant developed complications in her right knee. Claimant became totally disabled as of January 31, 1994, and underwent surgery on February 1,

1994. The surgery repaired a medial meniscus tear and removed a mass located over the anterior aspect of Claimant's right knee. Therefore, there were two components to the pathology in Claimant's right knee; the medial meniscus tear was the disabling component of that pathology, and the mass was a benign condition.

The WCJ found the testimony of Dr. Casale, Employer's medical expert, to be credible and adopted his opinion that the meniscal tear was likely the result of degenerative arthritis not her work-related injury. The WCJ concluded that Claimant failed to meet her burden of showing that her work-related injury, of July 30, 1993, caused her total disability. Consequently, the WCJ awarded medical expenses for the removal of the mass, denied medical expenses relating to the medial meniscus tear, and denied benefits.

■ Claimant argues that the Board erroneously affirmed the WCJ's conclusion that she failed to meet her burden of establishing a work-related disability in finding that the medial meniscus tear was not work related. Claimant specifically contends that Dr. Casale's medical opinion on causation was not competent evidence because it was speculative and uncertain.[1]

■ In a claim petition proceeding, the claimant has the burden of proving a causal relationship between a disability and a work-related injury with unequivocal medical testimony where that relationship is not obvious. *Somerset Welding & Steel v. Workmen's Compensation Appeal Board (Lee)*, 168 Pa. Cmwlth.78, 650 A.2d 114, 117 (1994). Claimant argues that the pathological condition of her knee was obviously the result of her fall on July 30, 1993. However, the cause of Claimant's knee condition was not obvious because Claimant's X-rays at the time of her fall exhibited a preexisting arthritic condition and the Claimant immediately returned to full duty at her two jobs for a four-month period.

■■ In articulating the nature of "unequivocal medical testimony," the *Somerset* court stated that "[i]f testimony is based only upon possibilities, then that testimony is equivocal and not legally competent." *Id.* 650 A.2d at 117. When determining whether an expert's testimony is equivocal, we must examine the entire testimony as a whole instead of basing our decision upon a fragment of testimony removed from its context. *Id.* When expert medical testimony for the claimant, as the party with the burden of proof in a claim petition proceeding, is consistent, unequivocal, and competent and the employer's expert medical testimony is so inconsistent and equivocal as to be incompetent, employer's testimony will not suffice as substantial evidence supporting a finding upon which an award for the employer is based. *Harbison v. Workmen's Compensation Appeal Board (Donelley)*, 91 Pa. Cmwlth.169, 496 A.2d 1306, 1307 (1985).

■ On direct examination, Dr. Casale stated the following:

The flap tear could have been a tear sustained at the time of injury but rather unlikely in view of the fact that [Claimant] had no symptoms of any significance for four months after. The flap tear is often seen in cases where there is joint degeneration, and the tear results from breakdown of the cartilage to degenerative changes in the meniscus, and these result in what we describe as flap tears.

So it is impossible to state categorically that this was or was not; but just considering the natural course of the history following injury, it would be doubtful that it was sustained at the time of injury.

(Deposition of Lawrence F. Casale, M.D. at 14). We find that Dr. Casale's testimony was not unequivocal because he could not testify within a reasonable degree of medical certainty that the degenerative arthritis caused the disabling "flap tear," within the meaning of *Somerset*. To emphasize our point, Dr. Casale states that the flap tear could have been sustained at the time of

1. Our scope of review in appeals from the Board is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Acme Markets v. Workmen's Compensation Appeal Board (Chisom)*, 165 Pa.Cmwlth.122, 644 A.2d 259 (1994).

injury, but it was not likely. Dr. Casale also asserted that he could not state categorically whether the tear resulted from the injury or not. Dr. Casale further testified that the "surgery was in most characteristics not related to trauma" and that the "nature of the joint as described would lead [him] to believe that it [was] a result of degenerative changes that were beginning and being manifested at the time by the breakdown of the meniscus as a result of early arthritis." (Deposition of Dr. Casale 15). Dr. Casale simply did not know what caused the flap tear, and his opinion testimony was laced with possibilities, rendering his testimony legally insufficient. In contrast, Dr. Hieronimus, Claimant's medical expert, unequivocally testified that Claimant's disability was due to the fall. Specifically, Dr. Hieronimus stated:

I reviewed the hospital records, the history that the patient gave, my physical examination and correlation of all those facts, you know, [sic] was how I arrived at my opinion that within a reasonable degree of medical certainty that the injury and fall that she suffered at work on July 30, 1993, is the sole cause of her current condition and impairment and disability.

Additionally, Dr. Hieronimus did not compromise this position during his entire testimony.

In *Hills Department Store # 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa.Cmwlth.354, 646 A.2d 1272 (1994), we stated that, although we "should consider the competency and sufficiency of evidence presented before a referee, the referee's assessment of witness credibility is not subject to review on appeal." *Id.* 646 A.2d at 1275. The WCJ found the testimony of Dr. Casale to be credible and persuasive. (Finding No. 6). However, the testimony of Dr. Casale was not legally competent because it was not unequivocal. Therefore, the WCJ erroneously relied on the substance of this testimony.

■ Although we find that the testimony of Dr. Hieronimus was unequivocal and legally competent, we cannot review whether Claimant met her burden of proving causation because the WCJ did not specifically find whether Dr. Hieronimus was credible.

We cannot, as an appellate court, make factual determinations concerning matters of credibility. *Id.* Therefore, we cannot conclude whether the Board erred in affirming the decision of the WCJ dismissing Claimant's claim petition for failing to meet her burden of proof regarding causation. In this regard, we are also unable to review, at this time, the other issues raised by the Claimant.

Accordingly, we vacate the order of the Board and remand for further findings consistent with this opinion.

## ORDER

AND NOW, this 4th day of February, 1997, we hereby vacate the order of the Workmen's Compensation Appeal Board, at appeal No. A95–3533, entered April 26, 1996, and remand to the Board with instructions to order the WCJ to make findings of fact consistent with this opinion.

Jurisdiction relinquished.

RODGERS, Senior Judge, dissents.