689 A.2d 910

**SHOVEL TRANSFER & STORAGE, INC., Appellant,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided Feb. 18, 1997.

William G. Merchant, Monroeville, for Shovel Transfer & Storage, Inc.

Eileen S. Maunus and Michael L. Plumley, Harrisburg, for Pennsylvania Liquor Control Board.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The issue before the Court in this case is whether the Commonwealth Court erred in dismissing appellant's appeal for failure to preserve any issues for appeal. The record reveals that appellant erroneously filed a notice of appeal with the Board of Claims which was transferred to the Commonwealth Court pursuant to 42 Pa.C.S. § 5103. The *en banc* Commonwealth Court treated the transferred notice of appeal as a timely petition for review pursuant to Pa.R.A.P. 1503, but determined that no issues had been preserved because there was no statement of objections as required in a petition for review under Pa.R.A.P. 1513(a).[1] For the reasons that follow, we now reverse.

Appellant, Shovel Transfer and Storage, filed a complaint with the Board of Claims in June of 1987 alleging that appellee, the Pennsylvania Liquor Control Board (PLCB), breached its contract for the distribution of alcoholic beverages to specified Pennsylvania state liquor stores. Appellant simultaneously filed a petition for review with the Commonwealth Court against the PLCB comptroller and the budget secretary for the Commonwealth, seeking either a declaration that the distribution contract did not require the signatures of

---

1. Judge Friedman dissented and filed an opinion.

the comptroller and the budget secretary or an injunction in the nature of a mandamus requiring those individuals to sign the contract. The PLCB was permitted to intervene as a nominal respondent.

Appellees filed preliminary objections, alleging that the Commonwealth Court lacked jurisdiction over a claim arising from a contract with the Commonwealth. The Commonwealth Court overruled the preliminary objections and this Court reversed and remanded the case to the Board of Claims, holding that the Board of Claims had jurisdiction to determine whether the parties had entered into the contract. *Shovel Transfer & Storage, Inc. v. Simpson*, 523 Pa. 235, 565 A.2d 1153 (1989). On November 4, 1994, the Board of Claims determined that a valid contract did not exist and, therefore, dismissed appellant's claim for breach of contract.

Appellant filed a notice of appeal with the Board of Claims on November 28, 1994. Because the proper avenue for seeking review of the determination by the Board of Claims was to file a petition for review with the Commonwealth Court, the proper procedure would have been for the Board of Claims, upon receipt of the notice of appeal, to transfer the matter to the Commonwealth Court pursuant to 42 Pa.C.S. § 5103(a). Instead, the Board of Claims returned the notice of appeal to appellant on December 14, 1994, and informed appellant that the appeal should have been filed as a petition for review with the Commonwealth Court. The next day, appellant sent the notice of appeal to the Commonwealth Court requesting that it be treated as a properly filed petition for review pursuant to Pa.R.A.P. 1503.[2]

2. RULE 1503. IMPROVIDENT APPEALS OR PLENARY ACTIONS

If an appeal is taken from an order of a government unit, or if a complaint in the nature of equity, replevin, mandamus or quo warranto, or a petition for a declaratory judgment or for a writ in the nature of certiorari or prohibition is filed against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a determination by any one or more of them, this alone shall not be a ground for dismissal, but the papers whereon the improvident matter was commenced shall be treated as if filed at the time the improvident matter was commenced. The court may require that the papers be clarified by amendment.

Appellee filed a motion to quash the appeal. Appellant filed an answer to the motion to quash and, in the alternative, a motion to file a petition for review *nunc pro tunc.* The Commonwealth Court denied the motion to quash because that court, pursuant to 42 Pa.C.S. § 5103(a), considered the appeal to have been timely filed. The order further directed appellant to file an amended petition for review on or before January 17, 1995. Finally, the motion for leave to file a petition for review *nunc pro tunc* was denied as moot.

Appellant's petition for review was filed with the Commonwealth Court on January 11, 1995. Appellee then filed a motion for reconsideration *en banc,* which was granted. The *en banc* Commonwealth Court held that, although the petition would be deemed timely pursuant to 42 Pa.C.S. § 5103(a),[3] no issues had been preserved because no statement of objections to the order or determination sought to be reviewed was filed until January 11, 1995, when the amended petition for review was filed.[4] Although the Commonwealth Court acknowledged that Pa.R.A.P. 1503 provides for the clarification of filings which are transferred pursuant to that rule, the court held that adding the statement of objections to the order after the last date for filing was not a clarification of the notice of appeal, but an addition thereto. The Commonwealth Court, therefore, dismissed the appeal.

The Rules of Appellate Procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." Pa. R.A.P. 105(a). The Commonwealth Court's rationale ignores the fact that any time an appellant erroneously files a notice of

3. The Commonwealth Court acknowledged that it was the responsibility of the Board of Claims to transfer to matter itself rather than return the notice of appeal to appellant. Therefore, the Commonwealth Court deemed the petition for review filed on the date that the notice of appeal was filed with the Board of Claims rather than when it was refiled with the Commonwealth Court.

4. A statement of objections to the order or other determination sought to be reviewed is a required element of a petition for review. Pa.R.A.P. 1513(a). There is no similar requirement for a notice of appeal. Pa.R.A.P. 904(a). A petition for review must be filed within thirty days of the order or determination from which review is sought review. Pa.R.A.P. 1512(a).

appeal which is transferred to the Commonwealth Court pursuant to 42 Pa.C.S. § 5103(a) or Pa.R.A.P. 1503, it will be in the form of a notice of appeal rather than a petition for review, and will therefore rarely, if ever, include a statement of objections. Under this reading, whenever an appellant files a timely, albeit erroneous, notice of appeal with a tribunal or governmental unit but that tribunal or governmental unit does not transfer that appeal to the Commonwealth Court until after the thirty day appeal period has expired, there would be no means for the appellant to preserve his appellate rights. Such a narrow reading of the rules negates the provision of Pa.R.A.P. 1503 allowing for clarification of papers transferred under that rule and does nothing to secure a just determination of this matter.

For the foregoing reasons, the order of the Commonwealth Court is reversed and the case is remanded for a determination on the merits of the issues presented in the petition for review filed January 11, 1995.[5]

NEWMAN, J., did not participate in the consideration or decision of this case.

---

5. Appellant also argues that the Commonwealth Court erred in failing to grant appellant's motion for leave to file a petition for review *nunc pro tunc*. However, our reversal of the Commonwealth Court's *en banc* ruling renders this issue moot.