V. James ROCCO, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (PARKSIDE REALTY CONSTRUCTION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1998.

Decided Feb. 24, 1999.

Matthew D. Dempsy, Scranton, for petitioner.

Edward G. Krowiak, Scranton, for respondent.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J. SMITH, J., PELLEGRINI, J., KELLEY, J., and FLAHERTY, J.

KELLEY, Judge.

Before this court is the appeal of V. James Rocco (claimant) from an order of the Workers' Compensation Appeal Board (board) which reversed the decision of a workers' compensation judge (WCJ) awarding claimant temporary total disability benefits; a motion to quash claimant's appeal; and claimant's request to clarify and amend improvidently filed notice of appeal. We deny the motion to quash, grant claimant's request to clarify and amend, and affirm the board's determination on the merits.

On January 25, 1993, claimant filed a claim petition for workers' compensation benefits in which he alleged that he sustained a work-related back injury on October 2, 1992 while in the employ of Parkside Realty Construction (Parkside). Parkside, through its insurance carrier, the State Workmen's Insurance Fund (SWIF), filed an answer denying the allegations in · claimant's claim petition and asserting that claimant's claim is barred by Section 315 of the Workers Compensation Act (Act).[1] On January 24, 1994, Parkside and SWIF filed a petition for joinder of additional respondent, the PMA Insurance

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602. Section 315 provides in pertinent part:

 In cases of personal injury all claims for compensation shall be forever barred, ... unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

Group (PMA), alleging that claimant's disability, if any, was directly related to a pre-existing work-related condition and/or recurrence of a pre-existing condition sustained by claimant while Parkside was insured by the PMA. PMA filed an answer denying the allegations of the petition for joinder. Hearings before a WCJ then ensued.

In support of his claim petition, claimant testified and presented the deposition testimony of his treating physician, J. Roberto Vergara, M.D., board-certified in internal medicine; Louis Quintiliani, controller for Parkside in 1992; and Roland D. Maroney, former controller for Parkside. In opposition to claimant's petition, Parkside and SWIF presented the deposition testimony of Peter A. Cognetti, M.D., a board-certified family practitioner; and Cindy McCullum, former executive assistant to the presidents of Parkside. PMA presented the deposition testimony of Jeffrey Mogerman, M.D., board-certified in orthopedic surgery.

On the basis of the evidence presented, the WCJ found that claimant sustained a work injury on June 16, 1992 and a recurrence thereof on October 2, 1992. The WCJ further found that Parkside and SWIF received notice of claimant's June 16, 1992 work injury within the three-year period prescribed by Section 315 of the Act and that claimant's salary was $14,300 per month. The WCJ found that claimant's ongoing disability after February 1, 1995 was not related to his work injury. On the basis of these findings, the WCJ granted the joinder petition and directed Parkside and PMA to pay claimant temporary total disability benefits of $455 per week for the closed period between October 2, 1992 and January 31, 1995.

Parkside and PMA appealed the WCJ's decision to the board arguing that the evidence did not support the WCJ's finding that claimant had sustained a work-related injury or that claimant's salary was $14,300 per month. Parkside and PMA also argued that claimant's claim was time barred by Section 315 of the Act because claimant never filed a claim petition against PMA. Claimant also appealed arguing that the WCJ's finding that claimant's work-related disability ceased as of February 1, 1995 was not supported by evidence in the record.

On appeal, the board examined the issue of whether the WCJ's finding that claimant had sustained a work-related injury was supported by the evidence. The board found the testimony of claimant's medical expert, Dr. Vergara, to be equivocal and insufficient to support the WCJ's finding that claimant sustained a work injury on June 16, 1992 and a recurrence thereof on October 2, 1992. On this basis, the board reversed the award of the WCJ by order dated June 22, 1998.[2]

On July 13, 1998, claimant filed a "notice of appeal" with this court.[3] On August 14, 1998, Parkside and PMA filed a motion to quash claimant's appeal pursuant to Pa. R.A.P. 1972(5)[4] and Pa. R.A.P. 1972(7)[5] on the basis that claimant failed to preserve any issues for the court to review by failing to state any grounds for objecting to the order issued by the board, by failing to provide a basis for jurisdiction, and by not including a statement concerning the relief sought. On August 17, 1998, claimant filed a request to clarify and amend the improvidently filed notice of appeal pursuant to Pa. R.A.P. 1503.[6]

2. The board did not address the other issues raised by the parties.

3. A petition for review is the exclusive procedure for judicial review of a determination from the board. Pa. R.A.P. 1502.

4. Rule 1972(5) provides that any party may move "[t]o dismiss for failure to preserve the question below, or because the right to an appeal has been otherwise waived."

5. Rule 1972(7) provides in pertinent part that any party may move "[t]o quash for any other reason appearing on the record."

6. Rule 1503 provides:

 If an appeal is taken from an order of a government unit, or if a complaint in the nature of equity, replevin, mandamus, or quo warranto, or a petition for a declaratory judgment or for a writ in the nature of certiorari or prohibition is filed against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a determination by any one or more of them, this alone shall not be a ground for dismissal, but the papers whereon the improvident matter was commenced shall be regarded and acted upon as a petition for review of such governmental determination and as if filed at

Respondent's motion to quash and claimant's request to clarify and amend together with the merits of claimant's appeal are presently before this court for disposition.[7] The following issues have been presented for our review:

1. Whether an improvidently filed notice of appeal should be quashed where the document, although timely filed, fails to conform with the requisite elements of a petition for review?

2. Whether the board erred in determining that the decision of the WCJ was not supported by substantial competent evidence?

Parkside and PMA contend that claimant's appeal should be quashed because claimant has failed to preserve any issues for this court's review pursuant to Pennsylvania Rules of Appellate Procedure. We disagree.

Rule 1502 of the Pennsylvania Rules of Appellate Procedure provides that a petition for review is the exclusive procedure for judicial review of a determination of a government unit. A petition for review must be filed within 30 days following the entry of an order and must contain a statement of jurisdiction of the court; the names of the parties seeking review; the name of the government unit which made the determination sought to be reviewed; reference to the order or other determination sought to be reviewed; a general statement of the objections to the order or other determination; and a short statement of the relief sought. Pa. R.A.P. 1512; Pa. R.A.P. 1513.

If, however, an "appeal" is taken from an order of a government unit, Rule 1503 provides that "this alone shall not be a ground for dismissal, but the papers whereon the improvident matter was commenced shall be regarded and acted upon as a petition for review of such governmental determination and as if filed at the time the improvident matter was commenced." Pa. R.A.P. 1503. Rule 1503 further provides that in such situations the "court may require that the papers be clarified by amendment." *Id.* Rule 1503 is patterned after Section 708 of the Judicial Code, 42 Pa.C.S. § 708, which provides as a general rule that "[n]o objection to a governmental determination shall be defeated by reason of error in the form of the objection...."

In *Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Board,* 547 Pa. 210, 689 A.2d 910 (1997), the Supreme Court considered the issue of whether the dismissal of an appeal for failure to preserve any issues for appeal was erroneous where the appellant erroneously filed a notice of appeal with the Board of Claims which did not have jurisdiction over the matter. The appeal was transferred to the Commonwealth Court pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103.[8] Although the notice of appeal was treated as a timely petition for review pursuant to Pa. R.A.P. 1503, we determined that no issues had been preserved for our review as there was no statement of objections as required under Pa. R.A.P. 1513. The Supreme Court, in reversing the dismissal, reasoned that any time an erroneous-

the time the improvident matter was commenced. The court may require that the papers be clarified by amendment.

7. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

8. Section 5103(a) provides:

If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdic-

tion of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

ly filed "notice of appeal" is transferred "pursuant to 42 Pa.C.S. § 5103(a) or Pa. R.A.P. 1503, it will be in the form of a notice of appeal rather than a petition for review and will therefore rarely, if ever, include a statement of objections." *Id.* at 214, 689 A.2d at 912. The Supreme Court indicated that an appellant should be permitted to preserve his appellate rights by allowing for the clarification of papers transferred under Pa. R.A.P. 1503. The Supreme Court stated that the rules of appellate. procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." *Id.* at 213, 689 A.2d at 912 (quoting Pa. R.A.P. 105(a)).

Here, on July 13, 1998, claimant filed a general notice of appeal from the board's order, rather than a petition for review. Although claimant's appeal was timely filed, the appeal did not conform to the requirements contained in Rule 1513 for petitions for review. Specifically, claimant's appeal failed to include a general statement of objections to the board's determination, the basis for this court's jurisdiction or a short statement of the relief sought. On August 17, 1998, claimant filed a request to clarify and amend his improvidently filed notice of appeal. In his request, claimant set forth the essential elements of a petition for review which were missing from the document filed. Specifically, claimant's request contained an objection to the board's determination that there was insufficient evidence to support the findings of the WCJ, a statement of this court's jurisdiction over appeals from decisions of the board, and requested that the board's decision be reversed.

We recognize that an amended petition for review which seeks to raise new objections not contained in the original petition will not be permitted if the amended petition for review is sought to be filed after the expiration of the appeal period. *Smithfield Cafe v. Unemployment Compensation Board of Review*, 660 A.2d 248 (Pa.Cmwlth. 1995). However, this general rule is not applicable here as this case involves an attempt to clarify an improvidently filed notice of appeal, not an attempt to amend a petition for review. As the Supreme Court recognized in *Shovel*, notices of appeal rarely, if ever, include a statement of objections. Although this case did not involve a transfer under Section 5103 of the Judicial Code as in *Shovel*, we find the teachings of *Shovel* equally applicable here. Pursuant to *Shovel* and Pa. R.A.P. 1503, this court "may require that the papers be clarified by amendment." We, therefore, conclude that a clarification of claimant's appeal is not only permissible, but appropriate in order to secure a just, speedy and inexpensive determination of this matter.

Accordingly, respondent's motion to quash is denied and claimant's request to clarify and amend is granted.

Having determined that claimant is entitled to his day in court, we will now address the merits of claimant's appeal. Claimant contends that the board erred in determining that the decision of the WCJ was not supported by substantial competent evidence. We disagree.

A claimant bears the burden of proving that his or her injury arose in the course of employment and was related thereto. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). A claimant with a pre-existing physical condition is entitled to compensation where an injury, suffered in the course of employment and related thereto, aggravates the pre-existing condition. *Lanzarotta T.D.A. v. Workmen's Compensation Appeal Board*, 42 Pa.Cmwlth. 284, 400 A.2d 697 (1979). However, a claimant with a pre-existing physical condition must show a causal connection existed between his or her work and the disabling injury. *Cooper–Jarrett, Inc. v. Workmen's Compensation Appeal Board*, 55 Pa. Cmwlth. 204, 423 A.2d 52 (1980). Where there is no obvious causal connection between the injury and the alleged work-related cause, claimant must establish cause by unequivocal medical evidence in order to recover. *Berks County Intermediate Unit v. Workmen's Compensation Appeal Board (Rucker)*, 158 Pa.Cmwlth. 305, 631 A.2d 801 (1993), *petition for allowance of appeal denied*, 537 Pa. 614, 641 A.2d 313 (1994).

The WCJ is the ultimate finder of fact and has exclusive province over ques-

tions of credibility and evidentiary weight. *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973). The WCJ is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991). Questions of credibility and the resolution of conflicting testimony, arising from a witness' inconsistent testimony or from the conflicting testimony of two or more witnesses, are within the province of the WCJ. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Cmwlth. 590, 377 A.2d 1007, 1010 (1977).

It is not the function of this Court to reweigh evidence and to substitute its judgment for that of the WCJ. *Vitelli v. Workmen's Compensation Appeal Board (St. Johnsbury Trucking Co.),* 157 Pa.Cmwlth. 589, 630 A.2d 923 (1993), *petition for allowance of appeal denied,* 537 Pa. 627, 641 A.2d 591 (1994). Rather, the function of our review is to determine, upon consideration of the evidence as a whole, whether the record contains substantial evidence that supports the WCJ's findings. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988). If the testimony accepted constitutes substantial evidence, the WCJ's findings will not be disturbed even though there may be evidence to the contrary. *American Refrigerator.*

The WCJ's findings of facts must be supported by substantial, competent evidence in the record. *Bethenergy.* Where medical testimony is required to establish causation, as is the case here, the testimony must be unequivocal in order to support an award. *Haney v. Workmen's Compensation Appeal Board,* 65 Pa.Cmwlth. 461, 442 A.2d 1223 (1982). The medical witness must testi-

fy that in his or her professional opinion the result did come from the assigned cause for the testimony to be unequivocal. *Cardyn v. Workmen's Compensation Appeal Board (Heppenstall),* 517 Pa. 98, 534 A.2d 1389 (1987). The question of whether a doctor's opinion is unequivocal or not is a question of law fully reviewable by this Court. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 66 Pa.Cmwlth. 579, 445 A.2d 843 (1982).

When determining the equivocality of an expert's testimony, we must examine the entire testimony as a whole. *Manners v. Workmen's Compensation Appeal Board (McDonald's Restaurant),* 688 A.2d 786 (Pa. Cmwlth.1997). A determination of equivocality cannot be based upon a few words taken out of context. *Id.; Michaelson v. WCAB (R.R. Leininger & Son),* 126 Pa.Cmwlth. 542, 560 A.2d 306 (1989).

Here, claimant's medical history includes evidence of pre-existing back problems dating back to the early to mid 1980s. Due to this prior history, the connection between Claimant's injury and his disability was not obvious and needed to be established through unequivocal medical evidence. In this regard, claimant presented the deposition testimony of his treating physician Dr. Vergara. We have carefully reviewed Dr. Vergara's deposition and conclude that it was insufficient to support an award of benefits.

With respect to claimant's fall in October 1992, Dr. Vergara testified as follows: "we knew he had back problems in the past. Somehow he managed with those problems, but with his line of work, he probably and most likely aggravated his back problem and which led to further falls and further spasms and further pain, basically a continuum of problems." Dr. Vergara's Deposition (N.D.) page 8. Dr. Vergara testified that he recommended total disability from any type of gainful activity as early as September of 1992 and attributed this recommendation to claimant's history of falls. N.D. 21. Dr. Vergara further testified that there was no record on claimant's chart of a work-related injury occurring in June of 1992, but during his deposition did recall that claimant told him that he had sustained such an injury. N.D. pages

31–32. Although, Dr. Vergara repeatedly testified that claimant's condition worsened with each fall, his testimony fails to establish a causal connection between a work-related injury and his disability.

 Dr. Vergara's testimony, taken as a whole, is insufficient to establish the necessary causal connection between claimant's injury and disability. We, therefore, conclude that the WCJ's finding that claimant sustained a work injury on June 16, 1992 and a recurrence thereof on October 2, 1992 is not supported by substantial evidence in the record. Accordingly, the order of the board, reversing the award of benefits, is affirmed.

### ORDER

AND NOW, this 24th day of February, 1999, the motion to quash the appeal of V. James Rocco is denied; Rocco's request to clarify and amend improvidently filed notice of appeal is granted; and the Order of the Workers' Compensation Appeal Board, at No. A97–0293, is affirmed.

Concurring opinion by PELLEGRINI, J.

PELLEGRINI, Judge, concurring.

I join the majority but add that counsel's confusion in filing a "notice of appeal" that does not require a statement of objections rather than a "petition for review" is due to the confusion created by Chapter 15's use of a petition for review to invoke both original and appellate jurisdiction. Revisions of Chapter 15 have been pending before the Appellate Rules Committee for some time. I urge that the Committee examine those revisions to eliminate that confusion.