INTERNATIONAL LAND
ACQUISITIONS, INC.,
Petitioner,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided Dec. 10, 1999.

Reargument Denied Feb. 4, 2000.

Nicholas A. Clemente and Robert K. Glinski, Philadelphia, for petitioner.

Rhonda L. Davidson, Harrisburg, for respondent.

Dean F. Piermattei, Harrisburg, for intervenor, Pennsylvania-American Water Company.

Before SMITH, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

On December 16, 1998, the Pennsylvania Public Utilities Commission held that Pennsylvania American Water Company did not violate its tariff by requiring International Land Acquisitions, Inc. (ILA) to pay the cost of installing an additional water line to serve ILA's proposed development. ILA appealed to this court, and the PUC moved to quash the appeal. For the reasons stated below, we will grant the motion to quash.

On April 27, 1999, Appellants filed a notice of appeal with the Commonwealth Court. Under Pa. R.A.P. 1502, the exclusive procedure for judicial review of a determination of a government agency is a petition for review, not a notice of appeal. On May 19, 1999, during an argument on ILA's request for supersedeas before then President Judge Colins, this error was brought to the attention of counsel for ILA. In response, ILA did not move to amend, nor did it attempt to file a petition for review. Rather, ILA faxed a copy of the docket sheet prepared by the court's administrator which incorrectly stated that a "petition for review" had been filed.

When no further action was taken, respondent moved to quash ILA's appeal on June 11, 1999. In response, ILA claimed that all of the contents of a petition for review were present in its notice of ap-

peal,[1] and that under *Rocco v. Workers' Compensation Appeal Board (Parkside Realty Construction)*, 725 A.2d 239 (Pa. Cmwlth.1999), its appeal should not be quashed. In its wherefore clause, petitioner requested that the motion should be denied or in the alternative, it should be permitted to amend its pleading. Again, no motion to amend was made, nor was any proposed petition for review submitted.

ILA's reliance on *Rocco* is misplaced. Although James Rocco also filed a notice of appeal rather than a petition for review, when respondent moved to quash the appeal appellant promptly (within 3 days) "filed a request to clarify and amend the improvidently filed notice of appeal." *Rocco*, 725 A.2d at 241. "In his request, claimant set forth the essential elements of a petition for review which were missing from the document filed." *Id.* at 243. Therefore, in *Rocco*, we held that "a clarification of claimant's appeal is not only permissible, but appropriate in order to secure a just, speedy and inexpensive determination of this matter." *Id.*

Leniency, however, is not absolution. While the court is loath to dismiss substantive issues due to technical violations, *Rocco* does not excuse parties from even *attempting* to cure the violation. As of September 13, 1999, the date of oral argument and almost four months after actual notice was given to counsel that the ILA's notice of appeal was improvidently filed, ILA still had neither moved to amend nor presented the court with a proposed petition for review, but has persistently insisted that its notice of appeal was adequate. "The confusion created by Chapter 15's use of a petition for review" has been noted. *Id.* at 245 (Pellegrini, J., concurring). Nevertheless, the rule exists and is binding upon this court as well as the parties before it. Were we to simply overlook ILA's obdurate noncompliance, we

would be, in effect, abrogating Pa. R.A.P. 1502, an action beyond the authority of this court.

Accordingly, respondent's motion to quash is granted.

## ORDER

AND NOW, this 10th day of December, 1999, respondent's motion to quash petitioner's appeal in the above captioned matter is GRANTED.

SMITH, Judge dissenting.

I dissent from the decision of the majority to quash the appeal in this case because Petitioner, International Land Acquisitions, Inc., failed to file a petition for review pursuant to Pa. R.A.P. 1502. Petitioner filed instead a notice of appeal from the December 1998 order of Respondent, Pennsylvania Public Utility Commission, and as a consequence failed to provide the requisite statement of its objections to the order. It appears, however, that the Pennsylvania Supreme Court has relaxed enforcement of the Rules of Appellate Procedure and has adopted a more liberal approach in interpreting the Rules.

The Supreme Court recently reversed this Court and required it to dispose of the merits of an appeal in a case where the petitioner filed a petition for review from an order of the State Employes' Retirement Board, but the petitioner failed to provide the requisite statement of the petitioner's reasons why he believed the Board erred. This Court quashed the appeal; however, the Supreme Court in *Gierschick v. State Employes' Retirement Board*, 551 Pa. 585, 712 A.2d 280 (1998), reversed this Court's decision in *Gierschick v. State Employes' Retirement Board* (Pa.Cmwlth., No. 1799 C.D.1997, filed August 18, 1997) and remanded the appeal to this Court for a determination on the merits. Further, in this Court's recent decision in *Rocco v.*

---

1. We note that this is not correct. Most significantly missing from petitioner's notice of appeal was "a general statement of the objec-

tions to the order or other determination." Pa. R.A.P. 1513(a).

*Workers' Compensation Appeal Board (Parkside Realty Constr.)*, 725 A.2d 239 (Pa.Cmwlth.1999), the Court followed the Supreme Court's instruction in *Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Board*, 547 Pa. 210, 689 A.2d 910 (1997), that courts are to apply a liberal construction of the Rules of Appellate Procedure to achieve a just, speedy and inexpensive determination of all matters governed by the Rules.

In *Rocco* the petitioner similarly filed a notice of appeal rather than the requisite petition for review containing a statement of objections to the order appealed, but the Court denied the respondent's motion to quash. Instead the Court permitted the petitioner's clarification of his improvidently filed notice of appeal. Petitioner in the case *sub judice* acknowledged that it failed to amend its notice of appeal, but it nevertheless relied on *Rocco* and on the contention that it narrowly complied with the rules because the Court docketed its filing as a petition for review. I would follow the liberal construction rule and deny Respondent's motion to quash and proceed to decide the merits of Petitioner's appeal.