**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT**

v.

**HARRY'S HOLIDAY PARK LOUNGE, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 2002.

Decided May 9, 2002.

Reconsideration Denied July 3, 2002.

Craig H. Alexander, Murrysville, for appellant.

Richard G. Parker, Pittsburgh, for appellee.

Before PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

Harry's Holiday Park Lounge, Inc. (Licensee) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) granting the Pennsylvania State Police, Bureau of Liquor Control Enforcement's (Bureau) motion to quash Licensee's appeal to the trial court because it was without jurisdiction to hear the appeal because the appeal should have been directed to the Liquor Control Board pursuant to Section 471(b) of the Pennsylvania Liquor Code (Code).[1]

On October 18, 1999, Licensee, as holder of a restaurant liquor license, was issued a citation by the Bureau for various violations of the Code, including failure to require patrons to vacate the premises after hours on December 31, 1998, and permit-

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–471.

ting patrons to possess and/or remove alcoholic beverages from the premises in violation of Section 499(a) of the Code, 47 P.S. § 4–499(a). On April 25, 2000, the ALJ found Licensee to be in violation of the Code as charged and fined it $,1500, suspended its Sunday Sales Permit for a period of one year, and directed Licensee to place a notice on its premises informing the public of the suspension. Rather than filing an appeal to the Liquor Control Board as required by Section 471(b) of the Code,[2] Licensee appealed to the trial court. The Bureau then filed a motion to quash contending that Licensee's appeal was not properly before the trial court.

■ Because the language of Section 471(b) is clear that appeals from an adjudication of an administrative law judge must be filed with the Liquor Control Board and not the Court of Common Pleas, the trial court granted the motion to quash and dismissed the case. This appeal by Licensee followed.[3]

On appeal, Licensee contends that the trial court should not have quashed the appeal from the ALJ but instead should have transferred the appeal to the Liquor Control Board pursuant to 42 Pa.C.S. § 5103.[4] Section 5103(a) of the Judicial Code provides in pertinent part that "[i]f an appeal ... is taken to or brought in a court ... which does not have jurisdiction of the appeal ... the court ... shall not quash such appeal or dismiss such matter but shall transfer the record to the proper **tribunal.**" (Emphasis added). Section 5103(d) of the Judicial Code goes on to define "tribunal" as:

[A] court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

42 Pa.C.S. 5103(d).

■ The question then is whether the Liquor Control Board is a "tribunal" as that term is used in the provision. To determine whether a "similar agency" is a "tribunal" as that term is used in Section 5103, the agency must be a commonwealth agency with statewide jurisdiction, and its

---

**2.** Section 471(b) provides in pertinent part:

In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the adjudication of the administrative law judge, there shall be a right to appeal to the board. The appeal shall be based solely on the record before the administrative law judge. The board shall affirm the decision of the administrative law judge if it is based on substantial evidence; otherwise, the board shall reverse the decision of the administrative law judge. In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the board, there shall be a right to appeal to the court of common pleas in the same manner as herein provided for appeals from refusals to grant licenses.

47 P.S. § 4–471(b).

**3.** This Court's scope of review of the trial court's order is limited to determining whether there is substantial evidence to support the findings of fact and whether the trial court abused its discretion or committed an error of law. *Pittsburgh Stadium Concessions, Inc. v. Pennsylvania Liquor Control Board,* 674 A.2d 334 (Pa.Cmwlth.1996).

**4.** Even if Section 5103 of the Code does not apply, Licensee contends that Pa. R.A.P. 1503, which allows an erroneously filed notice of appeal to be treated as a petition for review, is applicable and precluded the trial court from dismissing the case. However, because the Rules of Appellate Procedure apply only to procedures in the Supreme Court, the Superior Court and the Commonwealth Court, Licensee's contention is without merit. *McNeilis v. Department of Transportation,* 119 Pa.Cmwlth. 272, 546 A.2d 1339 (1988).

jurisdiction must involve subjects traditionally identified with the judiciary. *Barner v. Board of Supervisors of South Middleton Township*, 113 Pa.Cmwlth. 444, 537 A.2d 922 (1988). In *Barner*, in which we interpreted the language of Section 5103 as precluding the transfer of an improperly filed case from the court of common pleas to the zoning hearing board, we stated:

> [T]he definition of "tribunal" set forth in Section 5103(d), rather than mirroring the general definition, limits its application to agencies similar to "the Board of Claims, the Board of Property [and] the Office of Administrator for Arbitration Panels for Health Care." We observe that these tribunals are all Commonwealth agencies with statewide jurisdiction. Moreover, the original jurisdiction of each of these tribunals involves subjects which one would traditionally identify with the judiciary: the Board of Claims deals with certain contract claims against the Commonwealth, the Board of Property has jurisdiction over actions in the nature of quiet title or ejectment against the Commonwealth and the Office of Administrator for Arbitration Panels for Health Care was created to handle medical malpractice cases. In short, the tribunals included in the definition of Section 5103(d) are Commonwealth agencies which deal with subjects which are also, in other instances, within the original jurisdiction of courts. In our opinion, these character-

istics render local zoning hearing boards dissimilar from the agencies specified in Section 5103(d). We think that the General Assembly's reference to the specific tribunals in Section 5103(d) reflects its intent, while gradually liberalizing the transfer powers of courts, to continue to prohibit transfers between courts and zoning hearing boards.

*Id.* at 925. (Footnotes omitted).

In this case, although the Liquor Control Board is a Commonwealth agency possessing statewide jurisdiction, it does not have original jurisdiction of subject matters which are also within the original jurisdiction of the courts. Unlike contract claims against the Commonwealth that the Board of Claims hears, actions in the nature of quiet title or ejectment against the Commonwealth that the Board of Property hears or medical malpractice cases which are before the Office of Administrator for Arbitration Panels for Health Care, all of which involve matters which otherwise would be in the judicial system, the Liquor Control Board is an administrative agency that regulates the sale of liquor under the Code, and absent that regulation, by default, liquor control would not become a judicial matter. Because it is not a "tribunal" as that term is defined in Section 5103(d) of the Judicial Code, the trial court properly refused to transfer the appeal to the Board.[5]

Accordingly, the order of the trial court quashing Licensee's appeal is affirmed.[6]

---

5. Section 104(c) of the Code, 47 P.S. § 1-104(c), states, *inter alia*, that:

> Except as otherwise expressly provided, the purpose of this act is to prohibit the manufacture of and transactions in liquor, alcohol and malt or brewed beverages which take place in this Commonwealth, except by and under the control of the board as herein specifically provided, and every section and provision of the act shall be construed accordingly.

6. Licensee also cites to *Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Board*, 547 Pa. 210, 689 A.2d 910 (1997) and *Rocco v. Workers' Compensation Appeal Board (Parkside Realty Construction)*, 725 A.2d 239 (Pa.Cmwlth.1999) to support its contention that transfer is proper. However, because *Shovel* involved an erroneously filed appeal with the Board of Claims which may be properly transferred pursuant to 42 Pa.C.S. § 5103, and *Rocco* involved a request to

## ORDER

AND NOW, this *9th* day of *May,* 2002, the order of the Court of Common Pleas of Allegheny County, dated June 11, 2001, is affirmed.

amend improvidently filed notice of appeal pursuant to Pa. R.A.P. 1503, both cases are inapplicable.