**Bernard DOBASH, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PG ENERGY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2003.

Decided Dec. 1, 2003.

Kurt J. Kwak, West Pittston, for petitioner.

Terrence E. Dempsey, Scranton, for respondent.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Gloria Dobash (Claimant)[1] petitions for review of the April 28, 2003, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to deny Claimant's fatal claim petition. We affirm.

Bernard Dobash (Decedent) was employed by Pennsylvania Gas & Water Company, now PG Energy, from 1990 until his death on January 18, 1996, when Decedent suffered a fatal heart attack while completing his shift at work. (WCJ's Findings of Fact, Nos. 1, 4.) On January 15, 1998, Claimant filed a fatal claim petition against PG Energy (Employer)[2] on behalf of herself and her three daughters, in which Claimant claimed entitlement to workers' compensation benefits, alleging that "Employer knew of [Decedent's] heart attack[] because [it] occurred while working." (O.R., Fatal Claim Petition for Compensation By Dependents of Deceased Employees.) Employer filed an answer denying Claimant's allegations and hearings were held before the WCJ.[3]

At the hearing, Claimant testified that Decedent "would never let his health go." (WCJ's Findings of Fact, No. 4.) According to Claimant, Decedent was not on medication, had no signs of a heart condition prior to his death and was not experiencing any significant personal stress. Claimant acknowledged, however, that Decedent did not exercise, was not on a restrictive diet, had smoked one to two packs of cigarettes daily and had a family history of

1. In Claimant's Petition for Review, Claimant incorrectly listed Bernard Dobash (Decedent) as the Petitioner. However, Gloria Dobash is the Claimant in this proceeding.

2. Claimant also filed a fatal claim petition against Pennsylvania Gas and Electric Company; however, the WCJ dismissed that petition, concluding that PG Energy was the correct Employer. Claimant does not appeal this determination.

3. At the first hearing, it was established that Decedent's daughters were not under the age of 18 or in school as of the date of his death.

heart-related conditions. (WCJ's Findings of Fact, Nos. 4, 5.)

Claimant also offered the deposition testimony of Thomas E. Baker, M.D., in support of her fatal claim petition. Dr. Baker testified that, based on his review of Decedent's medical records, Claimant's testimony and the testimony of Employer's medical expert and witness, Decedent was "under a lot of stress as a gas dispatcher ... [a]nd ... the stresses ... as related by [Claimant] was [sic] a material contributing factor to the development of myocardial infarction." (WCJ's Findings of Fact, No. 6.) Dr. Baker further opined that, even if work-related stress did not induce Decedent's heart attack, the seven-and-a-half hour delay between Decedent's early symptoms and subsequent treatment was inappropriate. On cross-examination, Dr. Baker acknowledged that Decedent's job was sedentary and that he did not experience physical stresses at work. (WCJ's Finding of Fact No. 7.)

In defending against Claimant's fatal claim petition, Employer offered the deposition testimony of James J. Sheard, Employer's Director of Energy Management. Sheard testified that, on January 18, 1996, between 5:00 a.m. and 6:00 a.m., an employee notified him that Decedent was complaining of chest pains. According to Sheard, he directed an employee to call for help even though Decedent had refused an earlier offer to call an ambulance. With regard to Decedent's job, Sheard testified that he did not believe the stress of Decedent's position was significantly more stressful than driving a car. (WCJ's Findings of Fact, Nos. 9, 10.)

Employer also offered the testimony of Richard Blum, M.D., who is board certified in internal medicine. Dr. Blum testified that he performed a medical records review of Decedent's medical history and treatment. Dr. Blum also reviewed a letter from Dr. Baker, Decedent's death certificate, Decedent's job specifications and other employment data and testimony from Claimant and Sheard. Dr. Blum determined that Claimant smoked one to two packs of cigarettes per day, had a family history of heart disease and did not get regular medical checkups. Dr. Blum also testified about the various risk factors for myocardial infarction and stated that Decedent displayed several of these factors. (WCJ's Findings of Fact. No.11.) Based on his findings, Dr. Blum opined that Decedent's myocardial infarction was caused by the development of coronary artery disease and there was no indication that Decedent's job contributed to his disease. (WCJ's Finding of Fact, No. 12.) On cross-examination, Dr. Blum referred to medical literature indicating that there is no relationship between job strain and the onset of coronary artery disease, but he acknowledged that the timing of heart attack treatment is crucial to survival. (WCJ's Findings of Fact, No. 13.)

The WCJ did not credit Claimant's testimony that Decedent was under significant stress at work at the time of his death or Claimant's theory that Employer did not permit Decedent to seek medical treatment. The WCJ found Sheard's testimony credible with regard to the general nature of Decedent's work duties and the actions taken by Employer on the morning of Decedent's death. As to the medical testimony, the WCJ rejected Dr. Baker's testimony because it was largely based on information from Claimant. The WCJ found Dr. Blum's testimony persuasive and credible based on Dr. Blum's experience and qualifications, the manner in which he presented his opinions and outlined the three risk factors present for Decedent's heart attack and the manner in which Dr. Blum responded during cross-examination. Based on these findings, the WCJ conclud-

ed that Claimant did not meet her burden under the Act and denied the fatal claim petition. On appeal, the WCAB affirmed the WCJ's decision. Claimant now petitions for review of the WCAB's order.

██ Before this court,[4] Claimant argues that the WCAB erred as a matter of law in its causation analysis. Claimant contends that the WCAB improperly applied negligence concepts, specifically assumption of the risk, to support its conclusion and improperly rejected Claimant's theory that the seven-and-a-half hour delay between the onset of Decedent's heart attack and medical treatment was a material factor contributing to Decedent's death. We disagree. In fact, in raising this argument, Claimant misinterprets the well-reasoned decisions of the WCAB and WCJ and misunderstands the burden of proof necessary to establish entitlement to benefits pursuant to a fatal claim petition.

██ Where, as here, the relationship between the employment and the injury is not obvious, Claimant has the burden of proving the causal relationship between Decedent's work and his sudden cardiac arrest, through unequivocal medical testimony. *Haddon Craftsmen Inc. v. Workers' Compensation Appeal Board (Krouchick)*, 809 A.2d 434 (Pa.Cmwlth. 2002) *appeal denied*, 573 Pa. 686, 823 A.2d 146 (2003); *Manners v. Workers' Compensation Appeal Board (McDonald's Restaurant)*, 688 A.2d 786 (Pa.Cmwlth.1997). Unequivocal medical testimony is testimony that in the opinion of the medical expert, the claimant's condition, in fact, resulted from the work experience. *Johnson v. Workers' Compensation Appeal Board (Abington Memorial Hospital)*, 816 A.2d 1262 (Pa.Cmwlth.2003). In determining whether medical testimony is unequivocal, we must review the medical testimony as a whole, recognizing that questions of credibility and the resolution of conflicting testimony of two or more witnesses are within the province of the WCJ. *Johnson.*

Here, the WCJ rejected the testimony of Claimant and Claimant's medical expert linking Decedent's heart attack to his work experience and based his denial of Claimant's fatal claim petition on the credible and convincing testimony of Dr. Blum that Decedent's myocardial infarction was not work-related. The WCAB correctly concluded that Dr. Blum's testimony provided substantial, competent evidence to support the WCJ's conclusion. Moreover, as the WCAB correctly noted, there was no evidence that Employer caused the delay in Decedent obtaining prompt medical treatment; indeed, even if the WCJ had accepted Dr. Baker's opinion that the delay was a contributing factor in Decedent's death, the credible record evidence indicated that any delay in Decedent's receiving medical treatment was not attributable to Employer.

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of December, 2003, the order of the Workers' Compensation Appeal Board, dated April 28, 2003, is hereby affirmed.

---

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.